16-913-cr
United States v. Hill

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand seventeen.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

v.                                                          No. 16-913-cr

Shawn Hill,

> *Defendant-Appellant.*

---

FOR APPELLANT:                ROBERT M. FROST, JR., Frost Bussert LLC, New Haven, CT.

FOR APPELLEE:                 JOHN H. DURHAM, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

---

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Shawn Hill appeals his sentence of 72 months' imprisonment, entered after he pled guilty to the offense of unlawful possession of a firearm by a convicted felon. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

The sole issue on appeal is whether the district court committed procedural error in determining that Hill's prior state law conviction, based on his guilty plea to possession of narcotics with intent to sell in violation of Conn. Gen. Stat. § 21a-277(a), was a controlled substance offense within the meaning of U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(b), resulting in an incorrect computation of Hill's Guidelines range.

"A sentencing court commits procedural error when it fails to calculate (or incorrectly calculates) the Guidelines range[.]" *United States v. Pattee*, 820 F.3d 496, 512 (2d Cir. 2016) (citing *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc)). "We review *de novo* the district court's determination of whether a prior offense was a 'controlled substance offense,' as defined by U.S.S.G. § 4B1.2[.]" *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008).

Prior convictions under Conn. Gen. Stat. § 21a-277(a) are analyzed for sentencing purposes using the modified categorical approach. *See id.* at 966. Under this approach, the Government bears the burden of showing "that the plea 'necessarily' rested on a fact identifying the conviction as a predicate offense." *Id.* at 964 (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005)).

2

Here, the Government carried its burden by presenting the transcript of proceedings before the state court, which squarely addressed the matter. The transcript documents, *inter alia*, the state court requesting facts from the prosecutor. It documents the state prosecutor then stating that Hill was apprehended holding 13 bags of crack cocaine in his mouth. It documents the state court subsequently asking Hill, "Are the facts correct?" And it documents Hill answering "Yes."

Hill argues that his simple and unequivocal response of "yes" was insufficient because it followed a recitation of facts with respect to three charges, he was not asked to admit each fact as the prosecutor presented it, and he might not have meant to "confirm[] every statement of fact by the prosecutor in all three files." Appellant's Brief at 11. We see no merit in this argument, given that the transcript shows that Hill was asked at the outset, with respect to the "charge of possession of narcotics with intent to sell, violation of 21a-277(a), what is your plea, guilty or not guilty?" He responded, "Guilty." App'x at 131.

The record clearly shows that Hill confirmed that he possessed 13 bags of crack cocaine. Hill does not and cannot seriously dispute that this conduct constitutes possession of a controlled substance with intent to distribute, which amounts to a "controlled substance offense" under the Guidelines definition. *Compare* U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance (or a counterfeit substance) with intent to . . . distribute[.]"), *with* Conn. Gen. Stat. § 21a-277(a) ("Any person who . . . possesses with the intent to sell . . . any controlled substance . . . for a first offense, shall be imprisoned not more than fifteen years[.]"). The district court correctly determined that Hill's Connecticut conviction was a controlled substance offense and correctly computed the Guidelines range accordingly. There was no procedural error.

We have considered all of Hill's arguments to the contrary and find them without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk